IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COMMONWEALTH FINANCIAL SYSTEMS,
INC., *Assignee of Unifund CCR Partners,*　　　09cv0771
*Assignee of Providian National Bank*,　　　**ELECTRONICALLY FILED**

　　　　　Plaintiff,

　　v.

WILLIAM M. ZEMCIK.,

　　　　　Defendant.

**MEMORANDUM AND ORDER**

**I. Introduction and History**

Plaintiff, Commonwealth Financial Systems, Inc. (Commonwealth Financial), initiated this action by filing its complaint in the Court of Common Pleas of Westmoreland County, Pennsylvania, on May 11, 2009. (Doc. No. 1-2). Commonwealth Financial avers that defendant, William Zemcik, applied for a credit card through Providian National Bank. (Doc. No. 1-2 at 3). Upon review of his application, Mr. Zemcik was approved for a revolving open-ended account. *Id.* After failing to make payments on the account, Commonwealth Financial, as assignee (doc. no. 1-2 at ¶ 3), filed its claim against Zemcik. (Doc. No. 1-2).

On June 15, 2009, Zemcik, filed a Notice of Removal to this Court pursuant to 28 U.S.C. § 1441 (2006). As basis for removal, Zemcik intends to raise counterclaims pursuant to 15 U.S.C. § 1692 (2006), governing abusive debt collection practices. (Doc. No. 1 at ¶¶ 3-4).

This Court entered a Rule to Show Cause on June 16, 2009, which states as follows:

> . . . on or before June 30, 2009, defendant shall file a Response to Rule to Show Cause why this case should not be remanded to state court, specifically addressing the issue of whether defendant's counterclaims can be used to establish federal question jurisdiction under the removal statues.

Defendant timely filed his Response to Rule to Show Cause. (Doc. No. 5). After careful consideration, this Court will remand the case to the Court of Common Pleas of Westmoreland County.

**II. Discussion**

Because federal district courts have limited jurisdiction, the removal statutes are strictly construed against removal. *E.g., American Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1974). All doubts as to substantive and procedural jurisdiction prerequisites must be resolved in favor of remand. *E.g., Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985); *Sterling Homes, Inc. v. Swope*, 816 F. Supp. 319, 323 (M.D. Pa. 1993). The removing defendant bears the heavy burden of persuading the Court to which the state action was removed that it has jurisdiction under the removal statutes. *Batoff*, 977 F.2d at 851; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991). *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921) (burden of establishing federal jurisdiction is placed upon the parties seeking removal).

The United States Supreme Court has made it clear that "the plaintiff is the master of the complaint . . . and that the plaintiff may, by eschewing federal law, choose to have the cause heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). To form the basis of removal, "a federal question must appear on the face of the complaint." *Id.* at 399. The existence or absence of federal question is determined in the context of the well-pleaded complaint rule and federal question jurisdiction exists only when a federal question is presented within the four corners of plaintiff's properly pleaded complaint. *Id.* at 392.

For a federal court to assert jurisdiction over a case based on federal question, the Constitution, laws or treaties of the United States must supply an essential element of the plaintiff's cause of action. *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 112 (1936); *see also* 28 U.S.C. § 1331 (2006). Additionally, a case is not removable on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint and "both parties concede that the federal defense is the only question at issue." *See Caterpillar, Inc.*, 482 U.S. at 393; *see also Lazorko v. Pa. Hosp.*, 237 F.3d 242, 248 (3rd Cir. 2000).

Thus, "[w]hether the claim arises under 'federal law' for removal purposes is determined by applying the 'well-pleaded complaint rule' which determines original federal jurisdiction." *Wuerl v. Int'l Life Sci. Church,* 758 F. Supp. 1084, 1086 (W.D. Pa. 1991). "Federal courts have jurisdiction to hear, originally or by removal, only those cases in which the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.,* 758 F. Supp. at 1086 (citation omitted).

"Moreover, removal cannot be based simply on the fact that federal law may be referred to in some context in the case. If the claim does not 'arise under' federal law, it is not removable on federal question grounds. Incidental federal issues are not enough." *Id. (*citing *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804 (1986)); *see also Berg v. Leason*, 32 F.3d 422, 425-26 (9th Cir. 1994).

Here, none of Commonwealth Financial's claims arise under federal law. (Doc. No. 1-2). Applying the well-pleaded complaint rule, there are no questions of federal law within the four

3

corners of the plaintiff's complaint.

The defendant, nonetheless, asserts that removal is appropriate because he seeks to raise counterclaims against plaintiff pursuant to federal law. (Doc. No. 1 at ¶ 3). The Supreme Court has ruled that federal jurisdiction does not rest on compulsory or non-compulsory counterclaims. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 585 U.S. 826, 830 (2002). The Supreme Court held that "a counterclaim- which appears as part of the defendant's answer, not as part of the plaintiff's complaint- cannot serve as the basis for 'arising under' jurisdiction." *Id.* at 831 (citations omitted).

Here, Zemcik's only basis for federal jurisdiction is the federal question he expects to raise as his counterclaims under the Fair Debt Practices Act, 15 U.S.C. § 1692. (Doc. No. 1 at ¶ 3; Doc. No. 5 at 1-2). Raising a federal question as a defense is not enough to support federal jurisdiction without the presence of federal question in the plaintiff's original complaint. *See Palmer v. Univ. of Med. and Dentistry of N.J.*, 605 F. Supp. 2d 624, 630 (D.N.J. 2009) (citing *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002) (citations omitted). Allowing a counterclaim to establish federal jurisdiction "would leave acceptance or rejection of a state forum to the master of the counterclaim. It would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim." *Palmer*, 605 F. Supp. 2d at 631 (citing *Holmes Group, Inc.*, 585 U.S. at 831). Zemcik's counterclaim is not enough to establish federal jurisdiction when Commonwealth Financial based its claim solely on state law.

There are; however, two exceptions to the well-pleaded complaint rule, namely, the "artful pleading doctrine" and the doctrine of "complete preemption" (as opposed to ordinary

4

preemption).  A "court will not allow a plaintiff to deny a defendant a federal forum when the plaintiff's complaint contains a federal claim 'artfully pled' as a state law claim." *Goepel v. Nat'l Postal Mail Handlers Union*, 36 F.3d 306, 311 n. 5 (3d Cir. 1994) (citation omitted).  Removal is permitted under the artful pleading doctrine if "(1) federal law has completely preempted the state law that serves as the basis for the plaintiff's complaint, or (2) a federal question, not pleaded in the plaintiff's complaint, is nonetheless both intrinsic and central to the plaintiff's cause of action." *Guckin v. Nagle*, 259 F. Supp. 2d 406, 410 (E.D. Pa. 2003) (citing 14B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3722 (3d ed.1999)).

Complete preemption occurs when "a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar, Inc.*, 482 U.S. at 393.  "The Supreme Court has recognized only four areas wherein Congress has completely preempted state claims implicating those areas: the Labor Management Relations Act, the Employee Retirement Income Security Act, some areas involving the affairs of American Indians, and the National Bank Act." *Ruchka v. Husfelt*, 2008 U.S. Dist. LEXIS 51438. *21 (W.D. Pa. July 1, 2008) (additional citations omitted).

Here the "artful pleading doctrine" does not apply.  State law governing debt collection has not been completely preempted by federal law, as it is not covered by one of the four areas recognized by the Supreme Court.  Defendant, in his Response on Rule to Show Cause, again, asserts that the basis for federal jurisdiction is that Commonwealth Financial violated the Fair Debt Practices Act,  (doc. no. 5 at 1), which does not completely preempt state law. *Ruchka*, 2008 U.S. Dist. LEXIS 51438, *21.  Defendant does not even attempt, in his Response, to argue

that the Fair Debt Practices Act completely preempts plaintiff's state claims. Here, questions of state, not federal, law are central to the plaintiff's complaint and a counterclaim based in federal law is not sufficient to establish federal jurisdiction. For these reasons, the exceptions do not apply here.

**III. Conclusion**

For the reasons set forth above, it is HEREBY ORDERED that this case is dismissed without prejudice, and the case is REMANDED to the Court of Common Pleas of Westmoreland County.

The Clerk of Court shall mark this case closed and shall remand to the Court of Common Pleas of Westmoreland County, forthwith.

SO ORDERED this 1st day of July, 2009.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties